**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RONALD T. TOMASKO, | |
| Plaintiff, | CIVIL ACTION NO. 3:98-CV-01978 |
| v. | |
| IRA H. WEINSTOCK, P.C., et al., | (JUDGE CAPUTO) |
| Defendants. | |

**MEMORANDUM**

Presently before the Court are two issues that were presented on appeal to the United States Court of Appeals for the Third Circuit and remanded to this Court for further proceedings consistent with their opinion. *Tomasko v. Weinstock*, 80 Fed. App'x. 779, 783 (3d Cir. 2003). The first issue concerns Plaintiff's, Ronald T.Tomasko, and Defendants', Ira H. Weinstock, et al., Motions for Attorney's Fees. On August 15, 2002, this Court denied either party an award of attorney's fees. (Doc. 123 at 13.) Both parties appealed the Court's denial of attorney's fees, and on November 17, 2003, the Third Circuit Court of Appeals remanded the Order. *Tomasko*, 80 Fed. App'x at 783. The second issue involves clarification of equitable relief for breach of fiduciary duty or denial of benefits. In its August 15, 2002 Memorandum, this Court concluded that Defendants breached their fiduciary duty. (Doc. 123 at 6-7.) Plaintiff appealed because the Court did not indicate what relief, if any, it was ordering for Defendants' breach. *Id.* at 784. The United States Court of Appeals for the Third Circuit remanded for clarification as to what equitable relief, if any, should be awarded not only for breach of fiduciary duty, but also for Defendants' failure to make appropriate contributions into Plaintiff's pension accounts. *Id.* at 784. For the reasons set

forth in this Memorandum, both Plaintiff's and Defendants' Motions for Attorney's Fees will be denied. In addition, prejudgment interest will be awarded to Plaintiff.

## BACKGROUND

Plaintiff commenced a three (3) count action on December 7, 1998. (Doc. 123 at 2.) As noted in previous memoranda regarding this action, the dispute in this case centered on a compensation arrangement that existed between Plaintiff and Defendants. (Doc. 100 at 11.) A non-jury trial was held in October of 2001 and on December 18, 2001 the Court entered an order finding that the $6,100 that Defendants paid Plaintiff on January 17, 1997 was earned in 1996, and therefore, Defendants had to make appropriate contributions to the ERISA plan for the $6,100. (Doc. 123 at 2.) The Court further concluded that Plaintiff was not entitled to anything else in the form of compensation or bonuses. (Id.)

After the December 2001 judgment, both parties filed cross-motions for reconsideration and/or amendment of judgments and cross-motions for attorney's fees. (Id. at 1.) On August 15, 2002, the Court found that it did not discuss Count III in its 2001 memorandum. (Id.) The Court then concluded that Defendants breached their fiduciary duty under § 502(A)(2) of the Employee Retirement Income Security Act of 1974 ("ERISA") as amended, 29 U.S.C. § 1132(a)(1)(B) regarding the $6,100 that Defendants paid on January 17, 1997 but not to the additional $8,100 Plaintiff sought but was denied. (Id.) In addition, the Court denied both parties' motions for attorney's fees under § 502(g) of ERISA. (Id.)

Both parties appealed the judgments of this Court. On November 17, 2003 the Third Circuit Court of Appeals affirmed the judgment that Plaintiff was entitled to contributions to its ERISA plans based on the $6,100 of additional compensation earned in 1996. *Tomasko*,

2

80 Fed. App'x. at 784. It vacated the portion of the Court's order denying attorney's fees to both parties and remanded for consideration of the *Ursic* factors. *Id.* at 783. It further remanded for clarification as to: (1) whether the Court intended, in the exercise of its discretion, to grant any equitable relief to Plaintiff for Defendants' breach of fiduciary duty; and (2) on what basis it intended to grant such relief. *Id.* at 784.

The Court has reviewed Defendants' Brief in Support of Motion for Attorney's Fees (Doc. 113), Plaintiff's Brief in Opposition to Motion for Attorney's Fees (Doc. 117), Defendants' Reply Brief in Support of Motion for Attorney's Fees (Doc. 119), Plaintiff's Supplemental Brief in Support of Plaintiff's Motion for Attorney's Fees and In Opposition to Defendants' Motion for Attorney's Fees (Doc. 156) and Defendants' Supplemental Brief in Opposition to Plaintiff's Motion for Attorney's Fees and In Support of Defendants's Motion for Attorney's Fees (Doc. 157.) The matter is now ripe for disposition.

## DISCUSSION

**1. Attorney's Fees - Legal Standard**

Section 502(g)(1) of ERISA provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1) (2006). The statute itself does not offer criteria to aid a court in its exercise of discretion. However, the Court of Appeals set forth five factors that a court must consider when determining whether to grant an award of attorney's fees. *McPherson v. Employees' Pension Plan of Am. Re-Ins. Co., Inc.*, 33 F.3d 253, 254 (3d Cir. 1994) (citing *Ursic v. Bethlehem Mines*, 719 F.2d 670, 673 (3d Cir. 1983)). The five factors are:

(1) the offending parties' culpability or bad faith;

3

>(2) the ability of the offending parties to satisfy an award of attorneys' fees against the offending parties;
>
>(3) the deterrent effect of an award of attorneys' fees against the offending parties;
>
>(4) the benefit conferred on members of the pension plan as a whole;
>
>(5) the relative merits of the parties' position.

*Id.* Upon remanding the issue of attorney's fees, the Court of Appeals articulated that a District Court **must** undertake an analysis of all five factors. *Tomasko*, 80 Fed. App'x. at 783 (emphasis added). However, "No single criterion articulated in *Ursic* is decisive. They should be considered in balance and relationship to others." *Vintilla v. United States Steel Corp. for Employee Pension Benefits*, 642 F. Supp. 295, 296 (W.D. Pa. 1986), *aff'd*, 815 F.2d 697 (3d Cir. 1987). Therefore, the Court will analyze the five *Ursic* factors as they relate to the present matter.

### A. Bad Faith or Culpability

The first factor in determining whether to award attorney's fees is the offending parties bad faith or culpability. *McPherson*, 33 F.3d at 254. The Court must consider whether the losing party acted with bad faith or culpability. *Asprino v. Independence Blue Cross/Pa Blue Sheild*, No. 96-7788, 1998 U.S. Dist. LEXIS 2332, at *7 (E.D. Pa. Mar. 4, 1998). In this case, both Plaintiff and Defendants may be considered a losing party, or conversely a prevailing party. A prevailing party is one who succeeds on any significant issue in the litigation. *See generally Foley v. I.B.E.W. Local 98 Pension Fund*, 271 F.3d 551 (3d Cir. 2001). Both parties in this case "prevailed" upon different portions of the claims and thus may be considered a prevailing (or losing) party.

Regarding a losing party, a party is not culpable simply because its position did not prevail in litigation. *McPherson*, 33 F.3d at 257. While bad faith normally suggests an ulterior motive or sinister purpose, a losing party may be culpable without having acted sinisterly or with an ulterior motive. *Id*. at 256. Culpable conduct can mean conduct that is "blameable; censurable . . . Such conduct normally involves something more than simple negligence. . . . It implies that the act or conduct spoken of is reprehensible or wrong, but not that it involves malice or a guilty purpose." *Id.* (citing Black's Law Dictionary (6th ed. 1990)).

On the part of the claims on which Plaintiff prevailed (1) entitlement to a pension plan contribution based on an additional $6,100 earned in 1996 pursuant to § 502(a)(1)(B) of ERISA and (2) breach of fiduciary duty by Defendants of § 502(a)(2) of ERISA relating to the $6,100 Plaintiff earned, there is evidence of culpable conduct by Defendants according to the standard articulated in *McPherson*. 33 F.3d at 256. This Court noted in its August 15, 2002 decision that Defendants not only breached their Fiduciary Duty by treating the Plaintiff's $6,100 payment as compensation for 1997, but in doing so acted out of resentment and did not possess a belief that they were treating Plaintiff the same as other participants of the plan. (Doc. 123 at 24-25.) Defendants's conduct can be interpreted to go beyond mere negligence into the realm of culpable conduct.

On the part of the claims on which Plaintiff did not prevail, (1) entitlement to a pension plan contribution based on an $8,100 earned in 1996 pursuant to § 502(a)(1)(B) of ERISA and (2) breach of fiduciary duty by Defendants of § 502(a)(2) of ERISA relating to $8,100 Plaintiff sought, it appears that Plaintiff also exhibited culpable conduct.

Defendants contend that Plaintiff's conduct in pursuing the matter relating to

5

compensation and benefit plan contributions was culpable. (Doc. 113 at 9.) They contend that Plaintiff knew fees were not received in 1996 particularly in the George and Fink matters, yet still continued to pursue the litigation. (Id.) They further contend that Plaintiff continued in a frivolous discovery expedition simply to harass Defendants and obstruct legitimate discovery requests. (Id.)

With regard to the claims, the Court entered judgment on the $8,100 in favor of Defendants. The Court concluded that the additional fees totaling $8,100 were not received in 1996 and thus Plaintiff was not entitled to those funds. (Doc. 123 at 21-22.) As noted above, "a party is not culpable merely because it has taken a position that did not prevail in litigation." *McPherson*, 33 F.3d at 257. However, Plaintiff did act with a degree of culpability. The Court noted that Plaintiff did intentionally mislead Defendants albeit immaterially. (Doc. 123 at 10.)

Based on the evidence and conclusions of this Court regarding both Plaintiff's and Defendants' claims, it appears that Defendants exhibited culpable conduct when they did not include Plaintiff's $6,100 as part of 1996 compensation. Furthermore, it appears that Plaintiff exhibited culpable conduct by intentionally misleading Defendants. Both parties appear to have exhibited culpable conduct, however Plaintiff's conduct was not material to the claims. As a result, the first factor weighs slightly in favor of Plaintiff for an award of attorney's fees.

**B. The Losing Party's Ability to Satisfy a Fee Award**

The second factor the Court must consider is "the ability of the offending parties to satisfy an award of attorneys' fees." *Ursic*, 719 F.2d at 713. As noted above, both parties can be considered a losing party since each prevailed on portions of the claims. Plaintiff

6

argues that it lacks sufficient means to pay the amount sought by Defendants. (Doc. 117 at 10-11.) Defendants do not contend that they would be unable to pay. (Doc. 113 at 10.) They simply argue that Plaintiff's ability to pay attorney's fees is really not in dispute. (Id.)

While Plaintiff would be willing to submit evidence to prove its inability to pay a fee award, it is unnecessary in the present matter. The fees requested in this case do not appear to be exorbitant, nor does either Plaintiff or Defendants appear to be of limited means. *See Foley v. I.B.E.W. Local Union 98 Pension Fund*, No. 98-906, 2002 U.S. Dist LEXIS 7236, at *11 (E.D. of Pa. Apr. 23, 2002) (losing party would unlikely be able to afford the fee request due to its very large amount); *Asprino*, 1998 U.S. Dist. LEXIS 2332, at *9-10 (losing party is of limited means and cannot afford even a small award of attorney's fees). Both parties are in the same profession in the same geographic location. The ability or inability to pay can be construed in the same manner against either party. Therefore, the Court will not find the second *Ursic* factor to weigh in favor of either Plaintiff or Defendants.

### C. The Award's Deterrent Effect

The Court must also analyze the deterrent effect of an award of attorney's fees against the losing party. In their brief, Defendants argue that an award of attorney's fees would deter Plaintiff from pursuing what Defendants deemed as baseless claims. (Doc. 113 at 11.) However, Plaintiff succeeded on parts of the claims it pursued. Thus, Plaintiff's claims were not baseless and without merit. "Deterring those with reasonable claims from litigating their actions would not further the goals of ERISA." *Foley*, 2002 U.S. Dist LEXIS 7236, at *12. Awarding fees to Defendants in this case might serve to discourage other plaintiffs from pursuing meritorious ERISA suits. Accordingly, the deterrent effect factor

7

weighs against an award of attorneys fees to Defendants.

In its Brief, Plaintiff does not argue that the third *Ursic* factor weighs in its favor for an award of attorney's fees. (Doc. 117 at 11.) It simply argues that the deterrent effect factor weighs against an award of attorney's fees to Defendants. (Doc. 117 at 11.) As discussed above, awarding attorney's fees to Defendants might have a converse deterrent effect (i.e. discouraging plaintiffs from pursuing claims that have merit) and thus the factor weighs against an award to Defendants.

### D. Benefit Conferred on Members of the Plan

The fourth factor that the Court must consider is the benefit conferred on others by the Court's judgment. In this case, both Plaintiff and Defendants impliedly concede that the Court's judgment did not confer benefit on other plan participants. (Doc. 113 at 12; Doc. 117 at 12.) Further, because of the nature of Plaintiff's compensation agreement and position, it is unlikely the judgment will benefit other plan members. Accordingly, the Court will not weigh this factor in favor of either Plaintiff or Defendants.

### E. Relative Merits of the Parties' Positions

Finally, the Court must consider the relative merits of the parties positions. Like the first factor, the fact that the losing party has not prevailed does not automatically favor an award. *See McPherson*, 33 F.3d at 258. In the present case, Plaintiff prevailed on the portion of the claims involving the $6,100. (Doc. 123 at 12.) On the other hand, Defendants prevailed on the portion of the claims involving the additional $8,100. (Id.) While Plaintiff did not prevail entirely on its claims, it was able to show that its argument had some merit and that Defendants had violated duties under ERISA. The final factor leans slightly in

favor of Plaintiff since it did prevail in a central issue before the Court.

### F. Award of Attorney's Fees

Two factors in the present case weigh slightly in favor of awarding attorney's fees to Plaintiff. These factors are Defendants' culpable conduct and the relative merit of Plaintiff's position. The third factor weighs against an award of fees to Defendants but does not favor an award to Plaintiff. With regard to the conduct factor, the Court determined that Defendants exhibited culpable conduct. However, the weight to be given this factor in the overall analysis depends on the Court's appraisal of how wrongful the conduct was. *McPherson*, 33 F.3d at 257. While Defendants did exhibit culpable conduct, the Plaintiff did as well. Because both parties exhibited culpable conduct and this factor only weighed slightly in Plaintiff's favor, the Court will not base a fee award on this factor alone.

When a court is determining whether to use its discretion under ERISA, no one factor is decisive. *See Vintilla*, 642 F. Supp. at 296. Further, attorney's fees should not be received in an ERISA suit absent exceptional circumstances. *McPherson*, 33 F.3d at 254 (citing *Ellison v. Shenango, Inc. Pension Bd.*, 956 F.2d 1268, 1273 (3d Cir. 1992)). With only the first and fifth factors weighing slightly in favor of Plaintiff, the Court is not convinced that attorney's fees are warranted. Therefore, after weighing all of the factors set forth by the Third Circuit Court of Appeals, the Court finds that an award of attorney's fees is not appropriate in this matter.

## 2. Equitable Relief

Regarding the issue of equitable relief, the Third Circuit Court of Appeals remanded to this Court for clarification as to whether the Court intended to grant equitable relief to

9

Plaintiff and if so, on what basis. *Tomasko*, 80 Fed. App'x at 784. As the Third Circuit Court of Appeals noted, equitable relief such as prejudgment interest can be awarded for a plan violation or a breach of fiduciary duty under 29 U.S.C. § 1109. *Id.* Equitable relief is also available under 29 U.S.C. § 1132(a)(3)(B) for "any act or practice which violates any provision of this subchapter." *Id.* at 785. This Court found that Defendant did not make appropriate contributions to Plaintiff's pension accounts with regard to the $6,100 and thus violated § 1132(a)(1)(B). *Id.* Accordingly, Plaintiff could receive equitable relief (i.e. prejudgment interest) for Defendant's violations.

Prejudgment interest awards under ERISA are within the district court's discretion. *Bill Gray Enter., Inc. Employee Health & Welfare Plan v. Gourley*, 248 F.3d 206, 212 n.3 (3d Cir. 2001)(citations omitted); *Ambromovage v. United Mine Workers of Am.*, 726 F.2d 972 (3d Cir. 1984); *Tomasko*, 80 Fed. App'x. at 785 (citations omitted). "Prejudgment interest typically is granted to make a plaintiff whole because the defendant may wrongfully benefit from use of plaintiff's money." *Fotta v. Trustees of the United Mine Workers of Am., Health & Ret. Fund of 1974*, 165 F.3d 209, 212 (3d Cir. 1998)(citing *Shake v. Colt Industries Operating Corp. Severance Plan for Salaried Employees*, 960 F.2d 1187, 1192 n.4 (3d Cir. 1992); *Anthuis v. Colt Industries Operating Corp.*, 971 F.2d 999, 1009 (3d Cir. 1992)). "To allow . . . to retain the interest it earned on funds wrongfully withheld would be to approve of unjust enrichment. Further, the relief granted would fall short of making [the claimant] whole because he has been denied the use of money which was his." *Id.* (citation omitted). The underlying reasoning behind granting equitable relief under ERISA is to put the plaintiff in the position it would have been in but for the defendant's wrongdoing. *Holmes v. Pension*

*Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 134 (3d Cir. 2000) (citation omitted).

In this case, Plaintiff was denied appropriate contributions to its pension accounts and accordingly was denied the use its own money.  Furthermore, Defendants had use of funds that should have been contributed to Plaintiff's pension accounts.  Imposing an award for prejudgment interest would serve to make Plaintiff whole and prevent unjust enrichment by Defendants.  Moreover, granting equitable relief would put Plaintiff back near the position it would have been, but for Defendant's wrongdoing (i.e. not making the appropriate pension contributions).  Thus, this Court will exercise its discretion and grant equitable relief to Plaintiff in the form of prejudgment interest on the appropriate pension contributions.

Since prejudgment interest on the pension contributions was deemed appropriate in ths case, it is necessary to determine the interest rate that should be applied.  When the district court decides to award prejudgment interest, the rate of interest is discretionary unless governed by statute. *Brock v. Richardson*, 812 F.2d 121, 127 (3d Cir. 1987).  In the present matter, there is no statute governing the rate of interest, thus this Court has discretion to determine an appropriate rate.  Moreover, the United States Court of Appeals for the Third Circuit has recognized that it has not offered much guidance to the district courts in their determination of an appropriate interest rate.  *Skretvedt v. E.I. Dupont de Nemours*, 372 F.3d 193, 208 (3d Cir. 2004) (citing *Holmes*, 213 F.3d at 131-132).  Therefore, "the awarding of prejudgment interest under federal law is committed to the trial court's broad discretion." *Id*. (citations omitted).

In order to determine the appropriate ERISA prejudgment interest rate, other district courts have looked at the most analogous federal statute.  *Russo v. Abington Memorial*

11

*Hosp. Healthcare Plan*, 257 F. Supp. 2d 784, 787 (E.D. Pa. 2003); *Holmes v. Pension Plan of Bethlehem Steel Corp.*, No. 98-1241, 1999 U.S. Dist. LEXIS 4613 at *10 (E.D. Pa. Mar. 24, 1999); *Kann v. Keystone Resources, Inc.*, 575 F. Supp. 1084, 1096 (W.D. Pa. 1983). The most analogous federal statute is 28 U.S.C. § 1961, which is the statute for determining post judgment interest. *Id.* Section 1961 provides that "interest shall be calculated from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date [on which interest began accruing]." In this case, the Court awards prejudgment interest to Plaintiff, calculated at the interest rate described above to commence January 1, 1997, the date Plaintiff would have been eligible for contributions to its pension plan for the $6,100 earned in 1996.

## CONCLUSION

In summation, both Plaintiff's and Defendant's Motions for Attorney's Fees will be denied. Plaintiff will also be awarded equitable relief in the form of prejudgment interest based on the appropriate contributions to Plaintiff's pension accounts that the Court previously ordered Defendants to make regarding the $6,100 the Court determined was earned in 1996.

An appropriate order will follow.

| | |
|---|---|
| <u>September 5, 2006</u> | <u>/s/ A. Richard Caputo</u> |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RONALD T. TOMASKO, | |
| Plaintiff, | CIVIL ACTION NO. 3:98-CV-01978 |
| v. | |
| IRA H. WEINSTOCK, P.C., et al., | (JUDGE CAPUTO) |
| Defendants. | |

## **ORDER**

**NOW**, this 5th day of September, 2006, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for attorney's fees (Doc. 102) is **DENIED**;

2. Defendants' motion for attorney's fees (Doc. 106) is **DENIED**; and

3. The Court will **GRANT** equitable relief in the form of prejudgment interest to Plaintiff to be calculated at the federal post judgment statutory rate to commence January 1, 1997.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge