IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD T. TOMASKO, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:98-CV-1978 |
| | : | |
| vs. | : | (Judge Caputo) |
| | : | |
| IRA H. WEINSTOCK, P.C., et al., | : | Electronically filed |
| | : | |
| Defendants. | : | |

## **DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR STAY**

### **Procedural History**

The Plaintiff (hereinafter "Tomasko") filed a Three Count complaint. Plaintiff's complaint sets forth claims under the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, et seq., and Sections 502(a)(1)(B) and 502(a)(2) of ERISA, 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(2).

This Court entered an Order on December 18, 2001 finding in favor of Defendant (hereinafter "Weinstock"), in part, on Count II of the Amended Complaint only (i.e., an action to recover pension benefits pursuant to Section

502(a)(1)(B) of ERISA). Tomasko had complained for a contribution to be made on Fourteen Thousand Two Hundred Dollars ($14,200.00), but this Court concluded that Tomasko was due a contribution on Six Thousand One Hundred Dollars ($6,100.00) only, which amount Weinstock had already paid to Tomasko. Tomasko was not awarded the Eight Thousand One Hundred Dollars ($8,100.00), liquidated damages, attorney's fees and costs that he had complained for under the Pennsylvania WPCL. Weinstock was ordered to make a contribution to the ERISA Plans on the $6,100.00 earned by Tomasko in 1996.

On reconsideration, this Court concluded that Weinstock's decision to treat the Six Thousand One Hundred Dollar ($6,100.00) payment as compensation in 1997 rather than in 1996 was made by Weinstock in his capacity as a plan fiduciary within the meaning of § 404 of ERISA, 29 U.S.C. § 1104 and, thus, Weinstock breached his fiduciary duty, in part, with regard to a contribution to the ERISA Plans on the Six Thousand One Hundred Dollars ($6,100.00) that Weinstock had already paid Tomasko. This Court concluded that Weinstock, however, did not breach his fiduciary duty with respect to the Eight Thousand One Hundred Dollars ($8,100.00) to which Tomasko was not entitled, under his WPCL claim. This Court also concluded that "neither party is entitled to attorney's fees"

and, therefore, the Court declined to award attorney's fees to either party under § 502(g) of ERISA.

Tomasko appealed and Weinstock filed a timely cross appeal of the District Court's August 15, 2002, Order. On November 17, 2003, the Third Circuit affirmed the District Court's judgment but vacated the portion of the Court's Order denying attorney's fees to both parties and remanded for consideration of the <u>Ursic</u> factors and to clarify the equitable relief.

This Court again denied the parties' motions for attorney's fees in an Order dated September 5, 2006. Equitable relief of $234.97 was awarded to Tomasko, which relief represented pre-judgment interest calculated at the federal post-judgment statutory rate commencing January 1, 1997 which was satisfied by Weinstock.

The Court's decision denying Tomasko's motion for attorney fees was appealed. The Third Circuit remanded this matter to this Court to further consider the <u>Ursic</u> factors. A telephone conference was conducted and argument was scheduled on Tomasko's Motion for counsel fees. This Court granted Tomasko's counsel's motion for counsel fees, in part, and denied it, in part.

A Motion for Reconsideration was filed by Weinstock which was denied by this Court by Order dated November 21, 2008. A Notice of Appeal and Motion for

Stay was filed by the Weinstock on November 26, 2008. This Brief in support follows.

## Statement of Facts

Defendant, Ira H. Weinstock P.C., employed Tomasko as an associate attorney from on or about August 13, 1991, through the close of business on January 2, 1997. Tomasko was an at-will employee. Document[1] 100, FOF 1 and 26. Weinstock sponsored two pension plans governed by ERISA, a Profit Sharing Plan ("PSP"), and a Money Purchase Pension Plan ("MPPP"). Id. at FOF 17-19). During the course of his employment, Tomasko became a participant in the Plans. Id. at FOF 18. Both Plans were retirement plans in which employer contributions are placed into individual accounts on behalf of each participant. Id. at FOF 19. Both Plans provided that an employee's W-2 compensation, paid during the plan year, which year ends on December 31, is the compensation used in calculating the employer's contribution to each plan on behalf of that employee. Id. at FOF 25.

In mid- to late-1993, Tomasko and Weinstock reached an agreement concerning compensation in addition to the base salary Tomasko received. Weinstock agreed to give Tomasko periodic bonuses if Tomasko demonstrated loyalty to the firm and if, in Weinstock's opinion, Tomasko's work resulted in

---

[1] Defendant will reference documents and decisions involving this matter by citing to the Docket Entry Number by referencing "Document." Findings of Fact will be referenced as "FOF" and Conclusion of Law will be referenced as "COL."

sufficient income to the firm. The amount of additional compensation actually paid, however, was within the discretion of Weinstock and precise percentages were never agreed-upon terms. Id. at COL 9. The terms of the agreement were as follows: (1) Tomasko would receive sums on matters upon which he performed services and on matters he originated or brought to the firm; (2) the fees had to have been received by the firm before any payment would be made; (3) the matter had to be profitable to the firm; and (4) Weinstock had discretion to determine the amount that would be paid to Tomasko on each matter. Id. at COL 10.

Thereafter, Tomasko began submitting itemizations whenever he wished to request a bonus. Id. at FOF 6. These itemizations generally listed cases and the income Tomasko believed he had generated in those cases. Id. at FOF 7. After Tomasko had submitted each itemization, Tomasko and Weinstock would later meet and discuss Tomasko's request for a bonus. Id. at FOF 8. Weinstock would then decide if and when Tomasko would receive a bonus and the amount of his bonus.

After Tomasko intentionally misled Weinstock by making and following through with plans to open a competing law firm, Tomasko resigned from his employment with Ira H. Weinstock, P.C. on January 2, 1997. Id. at FOF 26. Before Tomasko resigned from his employment, Tomasko had submitted a request

to Weinstock for a bonus in the amount Fourteen Thousand Two Hundred Dollars ($14,200.00). This request was in regard to cases that had purportedly settled in the fourth quarter of 1996. Id. at FOF 15. On January 17, 1997, Weinstock, within his discretion, issued Tomasko a bonus check in the amount of Six Thousand One Hundred Dollars ($6,100.00), not the $14,200.00, requested by Plaintiff. Id. at FOF 16. Weinstock did not include the Six Thousand One Hundred Dollars ($6,100.00) received by Tomasko on January 17, 1997 on Tomasko's 1996 W-2 form. Id. at FOF 31. W-2 forms from Weinstock were used to determine a participant's compensation for purposes of determining contributions to the Plans. Id. at FOF 25.

### Statement of Questions Involved

Should this Honorable Court grant Defendants' Motion to stay?

**Suggested Answswer:     Yes.**

### Argument

Weinstock filed the instant Motion for Stay under Federal Rule of Civil Procedure 62 and Federal Rule of Appellate Procedure 8 (a). In the analysis of whether to grant a stay pending an appeal without a bond, multiple factors are examined. The Seventh Circuit has articulated five different factors to be considered which has been accepted as the standard in our circuit:

(1) The complexity of the collection process;

(2) The amount of time required to obtain a judgment after it is affirmed on appeal;

(3) The degree of confidence that the district court has in the availability of funds to pay the judgment;

(4) Whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and

(5) Whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

Dillon v. City of Chicago, 866 F.2d 902, 904-905 (7th Cir. 1988). As stated above, this standard has also been adopted in our Circuit. See Munoz v. City of Philadelphia, 537 F. Supp. 2d 749 (E.D. Pa. 2008); and AMG National Trust Bank v. Stephen C. Ries, 2008 U.S. Dist. Lexis 44014 (E.D. Pa. 2008). Attached hereto as Exhibit "A".

Weinstock respectfully submits after review of these factors that a stay in this matter without the required bond would be appropriate. Weinstock's ability to pay has never been a question in this matter. Indeed, this Court has already found that Weinstock has sufficient financial means to satisfy an attorney fee award.

Document 180, p.6.  This is further supported by Weinstock's Affidavit.  Under these circumstances, the cost of a bond would be a waste of money.  See Affidavit of Ira H. Weinstock attached hereto as Exhibit "B".

Tomasko prematurely filed its Brief in response to Weinstock's Motion.  As a result, Weinstock will take this opportunity to respond to Tomasko's Brief.  Tomasko cites multiple cases which are completely inapplicable to this matter.  The instant matter involves an order awarding attorney fees and costs.  The cases cited by the Tomasko involve motions for stays of injunctions under Federal Rule of Civil Procedure 62(c), not financial judgments.  These are two completely different standards.

Weinstock seeks a stay under Federal Rule of Civil Procedure 62(d) and 62(g).  The Federal Rules of Appellate Procedure dictates that this request must first be made to the District Court.  FRAP 8.

To obtain a stay of an injunction, a completely different standard would apply, not the standard articulated above.  Consequently, Tomasko's entire argument should have no bearing on this Court's decision on Weinstock's Motion for a Stay.

## Conclusion

For all the foregoing reasons, Weinstock requests that this Honorable Court grant its motion for a stay.

Respectfully Submitted,

s/ Ira H. Weinstock
Ira H. Weinstock, Esquire (PA 01602)
e-mail:  weinstock.law@verizon.net

s/ Jason M. Weinstock
Jason M. Weinstock, Esquire (PA 69272)
e-mail:  j.weinstock@verizon.net

**IRA H. WEINSTOCK, P.C.**
800 North Second Street
Harrisburg, PA  17102
Telephone:  717-238-1657
Facsimile:  717-238-6691

9

CERTIFICATE OF SERVICE

The undersigned hereby acknowledges that on this date the foregoing document will be served electronically upon the following according to the U.S. District Court for the Middle District ECF guidelines:

>Kathryn L. Simpson, Esquire
>Mette, Evans & Woodside
>3401 North Front Street
>P. O. Box 5950
>Harrisburg, PA 17110-0950
>ksimpson@mette.com
>
>James G. Nealon, III, Esquire
>Nealon, Gover & Perry
>2411 North Front Street
>Harrisburg, PA  17110-1160
>jnealon@ngplawfirm.com

Dated:  December 5, 2008          By:   /s/ Jason M. Weinstock