# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD T. TOMASKO, | |
| Plaintiff, | NO. 3:98-cv-1978 |
| v. | (JUDGE CAPUTO) |
| IRA H. WEINSTOCK, P.C., et al., | |
| Defendants. | |

## **MEMORANDUM ORDER**

Presently before the Court is Defendants Ira H. Weinstock, P.C. and Ira H. Weinstock's Motion to Stay Enforcement (Doc. 195) of this Court's Order of July 29, 2008 (Doc. 180) – as amended by Order of August 12, 2008 (Doc. 184) – awarding attorney's fees and costs to Plaintiff, Ronald T. Tomasko. Defendants move to stay enforcement of the Order pending appeal without having to post a supersedeas bond. This motion has been fully briefed and is ripe for disposition.

Federal Rule of Civil Procedure 62(d) provides:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.[1]

Fed. R. Civ. P. 62(d).

While the Third Circuit has not spoken on the issue, district courts in this circuit have joined Courts of Appeals of sister circuits in holding that Rule 62(d) does not limit district courts from exercising their discretion to waive the supersedeas bond requirement

---

[1] Subsections (a)(1) and (2) do not apply in this case.

in certain cases.  *See, e.g., AMG Nat'l Trust Bank v. Ries*, No. 06-cv-4337, 2008 U.S. Dist. LEXIS 44014, at *3 (E.D. Pa. June 4, 2008); *see also Fed. Prescription Serv., Inc. v. Am. Pharmaceutical Ass'n*, 636 F.2d 755, 758 (adopting this view and collecting cases). However, courts should only exercise this discretion "in exceptional circumstances and where there exists an alternative means of securing the judgment creditor's interest."[2] *Ries*, 2008 U.S. Dist. LEXIS 44014, at *4.  Appellant has the burden to demonstrate the need for such a waiver.  *Id*.

In considering whether to waive posting of bond, several district courts in this circuit have looked to the criteria enumerated by the Seventh Circuit Court of Appeals: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.  *Munoz*, 537 F. Supp. 2d 749, 751 (E.D. Pa. 2008) (citing *Dillon v. City of Chicago*, 866 F.2d 902 (7th Cir. 1988)).

Defendants argue that the fourth factor applies here.  They argue that Ira Weinstock's ability to pay the award has never been in question and that the cost of posting a bond would be a waste of money.  Mr. Weinstock submits an affidavit in which

---

[2] The Court agrees with Defendants' argument that the standard for a stay of *injunctive relief* pending appeal, applied in the cases cited by Plaintiff, is not the standard applicable to a request for the waiver of a supersedeas bond.

2

he repeats these assertions.  However, Defendants cannot show "exceptional circumstances" simply by stating that Mr. Weinstock has sufficient ability to satisfy the award.  By comparison, the *Munoz* court granted waiver of bond where appellant, who shared joint and several liability with co-defendant City of Philadelphia, demonstrated that the city maintained a fund from which judgments were historically paid with assets far exceeding appellee's judgment.  *Id.* at 751.  The court determined, considering this showing, it would be a waste of taxpayer money to require a bond.  *Id*.  In *Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003), the Sixth Circuit Court of Appeals cited the fourth factor in upholding a district court's waiver of a supersedeas bond.  In doing so, the court highlighted representations by counsel for appellant corporation indicating that its revenues vastly exceeded appellee's judgment.  *Id.*  Here, Defendants have failed to make any showing at all regarding Mr. Weinstock or his firm's financial condition or offer any reason that posting a bond would be a waste of money.

Moreover, Defendants have suggested no alternative means of securing Plaintiff's interest.  The criteria enunciated by the Seventh Circuit Court of Appeals were not intended to act as triggers guaranteeing appellant the right to post no bond, but rather as factors to determine the when and how it is appropriate to deviate from the general rule that a sufficient bond[3] should be posted.  Indeed, the case to first articulate the fourth

---

[3] "The bond should normally be sufficient in amount to satisfy the judgment in full, plus interest and costs."  *Schreiber v. Kellogg*, 839 F. Supp. 1157, 1159 (E.D. Pa. 1993).

3

factor in the Seventh Circuit did so in the context of determining when an alternative security may replace a supersedeas bond:

> [A]n inflexible requirement of a bond would be inappropriate in two sorts of case: where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money; and – the opposite case, one of increasing importance in an age of titanic damage judgments – where the requirement would put the defendant's other creditors in undue jeopardy ... Either is a candidate for alternative security....

*Olympia Equip. Leasing Co. v. Western Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986).

For the foregoing reasons, the Court finds that Defendants have failed to meet their burden to show circumstances warranting a waiver of a supersedeas bond. Defendants' motion to stay enforcement of the Court's award of attorney's fees and costs without the need to file a supersedeas bond is therefore denied.

**NOW**, this __6th__ day of March, 2009, **IT IS HEREBY ORDERED THAT** Defendants Ira H. Weinstock, P.C. and Ira H. Weinstock's Motion to Stay Enforcement of this Court's Order of July 29, 2008 (as amended by Order of August 12, 2008) (Doc. 195) is **DENIED.**

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge